# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC M. WEGFAHRT, et al., *Plaintiffs* v. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, *Defendant* | Case No. 5:19-cv-04493-JDW |

## MEMORANDUM

This insurance coverage dispute arises from a tragic motorcycle accident that occurred in 2011. Eight years later, the plaintiffs renewed their quest for underinsured motorist coverage after the Supreme Court of Pennsylvania rendered what plaintiffs contend is a favorable decision relevant to the underlying dispute. Their insurer, however, has moved to dismiss the Complaint in its entirety, arguing that each of plaintiffs' claims are time-barred. The Court agrees and will grant the insurer's motion because the express terms of the governing insurance policy and the applicable statutes of limitations bar the plaintiffs' claims.

## I. FACTUAL BACKGROUND

On April 25, 2011, Eric and Cindy Wegfahrt's twenty-five year old son, Terry, was struck and killed in a car accident while driving his motorcycle. At the time of the accident, Terry had been living at home with his parents. The Wegfahrts maintained a car insurance policy (the "Policy") with Allstate and paid for underinsured motorist ("UIM") coverage. An endorsement to the Policy provided:

> No one may bring an action against **us** in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under **Part 3 –**

> **Uninsured Motorists Insurance**, unless there is full compliance with all policy terms and such action is commenced within four years after the date of the accident.

(ECF No. 1-5 at page 43 of 50.)

Terry's motorcycle was covered by a separate Allstate policy, and Allstate tendered the full amount of UIM coverage available under that policy in settlement of Terry's Estate's UIM claim. Following Terry's death, the Wegfahrts also sought to recover the full amount of stacked UIM benefits from Allstate under their Policy.

On June 3, 2011, an Allstate representative wrote to counsel for Terry's Estate with respect to the claim for UIM benefits under the Policy:

> I am in receipt of a copy of the Palmer Township police report for this incident. The report lists a home address for Terry Wegfahrt as 347 Mauch Chunk Street, Fl #1 Nazareth PA 18064, which is different from the address of the Allstate policyholder. Based upon this Terry Wegfahrt would not appear to be a resident relative, and would not appear to fit the definition of an insured person under the Allstate policy.
>
> Further, the police report notes that Mr. Wegfahrt was driving a 2008 Honda CBR 600 which owned, and was insured by Allstate (policy #928170000, claim # 0200252781). Eric and Cindy Wegfahrt's Allstate policy included the Household Exclusionary language that would appear to exclude coverage if Terry Wegfahrt was a resident relative of the Allstate policyholder. The policy excludes, "bodily injury to anyone, while in, on, getting into or out of or when struck by a motor vehicle owned or leased by you or a resident relative which is not insured for Underinsured Motorist Coverage under this policy."
>
> I have enclosed a copy of the applicable Allstate policy. If you have any questions or would to further discuss this matter, please contact me at the number listed below.

(ECF No. 1-12.)

Nearly eight years later, on March 1, 2019, counsel for the Estate wrote to Allstate and gave notice of a claim for UIM benefits under the Policy. Allstate refused the claim for a number of reasons, including that it was untimely. The Wegfahrts filed suit on September 27, 2019.

## II. LEGAL STANDARD

A district court may dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "Rules demand only a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (same). A claim has facial plausibility when the complaint contains factual allegations that permit the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (same). In doing so, the court must "draw on its judicial experience and common sense." *Id.* (same).

Under the governing "pleading regime[,]" a court confronted with a 12(b)(6) motion must take three steps. First, it must identify the elements needed to set forth a particular claim. *Id.* at 878 (same). Second, it should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *Id.* (same). Third, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id.* (same). The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id.* at 790 (citations omitted). A court may dismiss a plaintiff's claims "on 'a limitations defense if the face of the complaint demonstrates that the plaintiff's claims are untimely.'" *Bressi v. Gembic*, 752 F. App'x 113, 114-15 (3d Cir. 2019) (quoting *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015)).

## III. ANALYSIS

Pennsylvania law provides for a four-year state of limitations on breach of contract actions and related declaratory judgment actions. *See* 42 Pa.C.S.A. § 5525(a)(8); *Simon Wrecking Co.,*

*Inc. v. AIU Ins. Co.*, 350 F. Supp. 2d 624, 639-40 (E.D. Pa. 2004) (statute of limitations for declaratory judgment action is the same as the substantive underlying legal remedy). The parties dispute whether the statute of limitations began to accrue when the accident occurred (as the Policy language specifies) or when Allstate denied coverage. However, the Court need not resolve that issue because either way, the statute of limitations bars this case.

The Pennsylvania Supreme Court has held that the denial of a claim for UIM benefits will cause the statute of limitations to begin to accrue. *See Erie Ins. Exchange v. Bristol*, 174 A.3d 578, 589-90 (Pa. 2017). In June 2011, Allstate denied the claim for UIM benefits based on its conclusion that the Policy did not cover Terry Wegfahrt. (ECF No. 1-12.) In evaluating correspondence from an insurance company, the question is what effect the correspondence would have on a reasonable recipient. If the correspondence, taken as a whole, demonstrates that the insurance company does not intend to provide coverage, then it constitutes a denial and triggers the accrual of the statute of limitations. Here, Allstate's letter in June 2011 did just that. It cited several reasons why the Policy did not provide coverage in Allstate's view.

Plaintiffs, however, contend that the letter that they received in June 2011 was not a denial of coverage. Plaintiffs' argument rests on two facts: the letter does not use any form of the word "deny;" and the letter uses the subjunctive verb "would," which suggests that the decision was not final. The Court disagrees with both arguments. Plaintiffs have not identified any case that requires a denial letter to use a form of the verb "to deny." In fact, at least one court, interpreting Pennsylvania law, has held that a letter need not use that verb. *See Sigal v. Gen. Am. Life Ins. Co.*, No. 13-cv-169, 2013 WL 4504456, at *6 (W.D. Pa. Aug. 22, 2013). The reasoning of that case makes sense. It does not matter whether the letter used a particular word. Instead, what matters is the overall conclusion that the letter reaches.

4

Similarly, the letter's repeated use of the verb "would" does not help Plaintiffs' position. Although the letter uses the word "would," it does not suggest that Allstate intended to continue its investigation or that it was unable to make a determination based on the facts before it. Instead, read as a whole, the letter demonstrates that Allstate had determined that the Policy did not apply. A reasonable person, receiving Allstate's correspondence, would have understood it to indicate that Allstate had made a coverage determination. At that point, the law required Plaintiffs to act in the next four years. Their failure to do so dooms their claims in this case.

**IV.   CONCLUSION**

The Complaint in this case demonstrates that the claims are time-barred. Therefore, the Court will grant the motion to dismiss with prejudice. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

Dated: November 25, 2019